UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CYNTHIA DENISE JONES,

                Plaintiff,

-against-

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; GWEN SPENCER;
and FLORIDA STATE HOSPITAL,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-CV-3585 (RRM) (VMS)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Cynthia Jones initiated this action *pro se*. (Compl. (Doc. No. 1).) Defendant United States Department of Veterans Affairs (the "VA") has moved to dismiss the complaint for lack of subject matter jurisdiction. (Mot. to Dis. (Doc. No. 11).) For the reasons discussed below, VA's motion is granted, the complaint is dismissed *sua sponte* as to all remaining defendants, and Jones is granted thirty (30) days from the entry of this Memorandum and Order to file an amended complaint.

## BACKGROUND

Jones brings this complaint against the VA,[1] Gwen Spencer, and Florida State Hospital,[2] invoking federal question jurisdiction. In the statement of claim section of the form complaint, Jones does not provide cogent facts. Her statement reads, in its entirety, "Free to direct deposit pay bills out of bank account. A credit card and no more budgets. Am legally competent. Pay

---

[1] Jones lists "Veterans" in her complaint with the address for the New York Regional Benefit Office of the United States Department of Veterans Affairs. *See New York Regional Benefit Office: Directions and Map*, U.S. DEPARTMENT OF VETERANS AFFAIRS, http://www.benefits.va.gov/newyork/directions.asp (last visited 2/7/18).

[2] Florida State Hospital is a state psychiatric facility located in Chattahoochee, Florida. *See* HEALTH GROVE, http://mental-health-facilities.healthgrove.com/l/6143/Florida-State-Hospital (last visited 2/7/18).

rent and get a lawyer." (Compl. at 5.)³ In the relief section of the complaint, Jones states, "Florida State Hospital took $5,400.00 for a rent scam dispute. Only individual charged and not jointly owned. No oral or written agreement. Use was for me." (*Id.* at 6.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd,* 133 S. Ct. 1659 (2013) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Although a *pro se* plaintiff's complaint is held to less stringent standards, a district court may dismiss a case, *sua sponte*, if it determines that the court lacks subject matter jurisdiction or the action is frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Hawkins–El III v. AIG Fed. Sav. Bank*, 334 F. App'x. 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid

---

³ For ease of reference, all citations refer to the Electronic Case Filing System ("ECF") pagination.

frivolous complaint); *Paige v. City of New York,* No. 10-CV-5469 (SLT), 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010).

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." (internal quotation marks omitted)); *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991).

Here, it is impossible to determine what Jones's federal cause of action is against the named defendants. Based on Jones's assertion that she is "legally competent," the VA suggests that Jones may be challenging its determination that she is not competent to manage her VA benefits. (Compl. at 5; Mot. to Dis. at 1.) To the extent that this interpretation of Jones's complaint is correct, this Court lacks jurisdiction to hear her claims. The Veterans' Judicial Review Act specifically precludes review by any court of decisions made by the Secretary of Veterans Affairs affecting benefits, subject to certain exceptions, which are inapplicable in this case. 38 U.S.C. § 511(a); *see State of N.Y. v. Eadarso,* 946 F. Supp. 240, 242 (E.D.N.Y. 1996) (holding that district courts do not have jurisdiction to hear challenges to VA decisions on qualification for benefits). However, because the Court cannot be sure of what Jones's claims

3

actually are, the complaint is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). In light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, Jones is given thirty (30) days' leave to file an amended complaint.

Jones is directed that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should Jones elect to file an amended complaint, it must state the basis for federal jurisdiction and must set forth the factual allegations to support Jones's claims against each named defendant. Jones must identify each defendant in both the caption and the body of the amended complaint, and name as a proper defendant the individual who has some personal involvement in the actions Jones alleges in the amended complaint. Jones must also provide the dates and locations for each relevant event. If Jones does not know the name of the individual, she may identify the individual as John or Jane Doe, along with descriptive information and a place of employment. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

If Jones fails to comply with this Order within the time allowed, judgment dismissing this action shall enter. Although Jones has paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

4

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff Cynthia Jones, *pro se*, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      March 13, 2018

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge